Defendant-appellant Gregory W. Byrd ("appellant") appeals the decision of the Butler County Court of Common Pleas denying his motion to suppress evidence, and his subsequent plea of no contest to and conviction for possession of cocaine, a felony of the fifth degree in violation of R.C. 2925.11(A). We affirm.
On October 28, 1997, 11:30 p.m., Officer Joseph D. Leist of the Union Township Police Department received a dispatch regarding a suspicious vehicle on Hamilton-Mason Road. Soon thereafter he observed a vehicle matching the description given, which he proceeded to stop. The operator of the vehicle had committed no traffic violations, and there was no evidence of criminal activity. Officer Leist's sole basis for stopping the vehicle was the suspicious vehicle dispatch.
Officer Leist approached the vehicle and asked for identification from its three occupants: the driver, Mary Hill ("Hill"), and passengers, Preston Fuqua ("Fuqua") and defendant-appellant, Gregory Byrd. Officer Leist informed Hill that he was investigating a suspicious looking vehicle dispatch and asked what they had been doing in the area. Hill responded that they were preparing for a Halloween scavenger hunt and produced a list. Officer Leist ran computer checks on appellant, Fuqua, and Hill, and no indications of any holds or warrants appeared. Officer Leist requested that Hill get out of the vehicle and move to the passenger's side. Other police officers arrived at the scene, including Officer Lori Newman a/k/a Beiser.
Once the computer checks had been completed, Officer Leist asked Hill for consent to search the vehicle, and Hill consented. Officer Leist testified that he was interested in determining whether appellant, Hill, and Fuqua were in fact preparing for a scavenger hunt, or whether the story was a pretext for criminal activity. Appellant and Fuqua were asked to exit the vehicle. As appellant was exiting the vehicle, Officer Leist noticed that he had an open beer bottle. Officer Leist asked for the bottle, and appellant handed it to him. Officer Leist informed appellant that he was not going to charge appellant with an open container violation. Officer Leist told appellant, Hill and Fuqua, "I'm going to dump this out. If you guys don't have anything else on you or in the vehicle, I'm going to cut you guys out of here." Officer Leist then searched the vehicle, and there was no further evidence of criminal activity.
Upon completing the search of the vehicle, Officer Leist asked Byrd and Fuqua if they had "anything on them." Both responded that they did not, and Officer Leist asked if they would mind emptying their pockets. He then searched the personal contents and discovered 1.24 grams of cocaine in appellant's wallet. Appellant was arrested for possession of cocaine. Hill and Fuqua were allowed to leave after appellant had been read his Miranda warnings.
On February 18, 1998, appellant was indicted by the grand of Butler County for possession of cocaine in violation of R.C.2925.11(A). He filed a motion to suppress in the Butler County Court of Common Pleas on March 25, 1998, alleging that the cocaine was seized in an unlawful search. A suppression hearing was held on March 30, 1998, and the court overruled the motion to suppress by a summary entry filed on May 4, 1998 which did not include any findings of fact or conclusions of law. On May 13, 1998, appellant entered a plea of no contest to the charge against him, and the court found him guilty of the offense. Appellant was sentenced to five years of community control, one hundred hours of community service, and a $2,000 fine.
Appellant now appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
Appellant argues that the search which resulted in the discovery of the cocaine was done without a warrant or consent, and therefore in violation of appellant's right to be secure against unreasonable searches as guaranteed by Section 14 of the Ohio Constitution and the Fourth Amendment to the United States Constitution. Appellant contends that, although the initial stop and search of Hill's vehicle was proper, Officer Leist's search of appellant and his possessions was executed without appellant's consent. Appellant also claims that Officer Leist's basis for the search was not based upon the circumstances present at the stop, but rather Officer Leist's intent to engage in a fishing expedition for contraband. Appellee responds that Officer Leist asked for permission to engage in the search, and appellant gave consent to the search.
We begin by noting that Section 14 of the Ohio Constitution is virtually identical to the Fourth Amendment to the United States Constitution.[1] The reach of the protections granted by Section 14 of the Ohio Constitution are "coextensive with that of the Fourth Amendment," State v. Geraldo (1981), 68 Ohio St.2d 120,126, certiorari denied (1982), 456 U.S. 962,102 S.Ct. 2038, and Ohio courts are "disinclined to impose greater restrictions in the absence of explicit state constitutional guarantees protecting against invasions of privacy that clearly transcend the Fourth Amendment." Id. at 125. Thus, while federal decisions are not binding upon Ohio courts, the reasoning of the United States Supreme Court is "very persuasive." State v. Robinette (1997), 80 Ohio St.3d 234,238-239, quoting Nicholas v. Cleveland (1932), 125 Ohio St. 474,484, paragraph five of the syllabus unrelated to the present case overruled by State v. Lindway (1936), 131 Ohio St. 166.
Appellant does not dispute that Officer Leist had sufficient cause to pull over Hill's vehicle to perform an investigatory stop. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. Officer Leist had received a dispatch of a suspicious looking vehicle near a private residence on a private road. When he saw a vehicle matching the description given over the radio, he was justified in stopping the vehicle to ensure that no criminal activity was taking place. Because Officer Leist was justified in stopping Hill's vehicle, he was entitled to ask if he could search the vehicle. Officer Leist testified that he was suspicious of the story about a scavenger hunt because, in his experience, scavenger hunts are often used as a pretext to hide criminal conduct, as it would allow the suspects to roam the area. Furthermore, he specifically asked Hill for permission and stated why he was stopping them and seeking to search the vehicle, and Hill gave consent. Thus, Officer Leist was entitled to keep appellant, Hill, and Fuqua long enough to complete the search of Hill's vehicle. See Florida v. Royer
(1983), 460 U.S. 491, 500, 103 S.Ct. 1319, 1325.
When appellant exited the vehicle, he had an open beer bottle on his person, a violation of R.C. 4301.62(B)(4).[2] When, during the course of an initial detention, an officer ascertains reasonably articulable facts giving rise to a suspicion of criminal activity, an officer may further detain and implement a more in-depth investigation of the individual. State v.Robinette (1997), 80 Ohio St.3d at 241. In this case, Officer Leist had positive proof that appellant had committed a crime. Although Officer Leist testified that he was disregarding the violation but remained interested in discovering whether appellant or his companions had illegal narcotics or other contraband, case law establishes that an officer's subjective motivation in further detaining an individual is irrelevant when there is objective justification for the detention. Ohiov. Robinette (1996), 519 U.S. 33, ___, 117 S.Ct. 417, 420-421;State v. Myers (1990), 63 Ohio App.3d 765, 771, appeal dismissed (1990), 53 Ohio St.3d 708. Thus, Officer Leist was justified in continuing the stop for a reasonable time to conclude his investigation.
"[W]hether a consent to search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." Schenkloth v. Bustamonte (1973), 412 U.S. 218,227, 93 S.Ct. 2041, 2047-2048; Ohio v. Robinette (1996), 519 U.S. at ___, 117 S.Ct. at 421. The question of whether consent is given voluntary is a question of fact that requires the trier of fact to determine what the defendant subjectively believed. State v. Robinette, 80 Ohio St.3d at 248-249 (Cook, J., concurring in judgment only), citing Bustamonte,412 U.S. at 227, 93 S.Ct. at 2047-2048. In this regard, it is not necessary for the police officer to advise the person to be searched that he has a right to refuse to consent to the search, because "it would be thoroughly impracticable to impose on the normal consent search the detailed requirements of an effective warning." Bustamonte, 412 U.S. at 231,93 S.Ct. at 2050; Ohio v. Robinette, 519 U.S. at ___, 117 S.Ct. at 421. Furthermore, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing that consent was voluntarily given. Id., citing Bustamonte,412 U.S. at 248-249, 93 S.Ct. at 2059.
At a suppression hearing, the trial court assumes the role of the trier of fact, evaluating the evidence and the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366, rehearing denied (1992), 63 Ohio St.3d 1406, certiorari denied (1992), 505 U.S. 1227, 112 S.Ct. 3048. In matters of credibility, the appellate court must yield to the trier of fact, who "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. Thus, the appellate court is bound to accept the findings of fact of the trial court, so long as they are supported by competent, credible evidence. State v. Retherford
(1994), 93 Ohio App.3d 586, 593.
We note that the testimony given at the suppression hearing was contradictory as to whether appellant consented to the search in question. Officer Leist testified that he asked appellant if he minded emptying his pockets, but that appellant was entitled to refuse this request. Officer Leist made this request only after appellant and Fuqua had stated that they did not have anything on them and that Officer Leist was welcome to check this fact. Officer Leist also testified that he asked appellant for permission to search his wallet once appellant had placed it on the front seat of Hill's vehicle. Officer Newman corroborated this testimony in part. She testified that she overheard Officer Leist ask to search Hill's vehicle, and that she overheard Officer Leist's request as to whether appellant and Fuqua minded emptying their pockets.
Appellant and Hill presented a different version of these events. Both testified that Officer Leist informed them that he would let them leave if they showed that they did not have any illegal substances. Thus, they believed that they had to comply with Officer Leist's orders before they would be allowed to leave. Officer Leist testified that he did make such a statement, but that appellant and his companions were always free to leave or refuse to consent to any searches. Appellant and Hill further testified that Officer Leist did not ask appellant for permission to conduct a search. Rather, Officer Leist was alleged to have told appellant and Fuqua to empty their pockets, and searched their contents without permission. Appellant and Hill also claimed that they did not know that they could refuse to consent to the searches because Officer Leist never informed them of this right. As noted above, Officer Leist was not under any obligation to inform them that they could refuse consent. Ohio v. Robinette, 519 U.S. at ___,117 S.Ct. at 421.
Upon a thorough review of the transcript from the suppression hearing, there is competent, credible evidence that appellant consented to the search of his personal effects. Although the trial court did not include any findings of fact or conclusions of law in its decision, its disposition of the motion makes it evident that the trial court found Officer Leist's testimony more credible and persuasive than that of appellant. Appellant conceded that Officer Leist was polite throughout the encounter and never acted in a threatening manner. Officer Leist testified that appellant stated that he did not have any contraband, and that Officer Leist could check his person. At this time, Officer Leist asked if appellant could empty his pockets. Officer Leist testified that appellant could have refused this request. These facts are supported by the testimony of Officer Newman, who overheard this conversation. Officer Leist also testified that he asked for permission to search appellant's wallet.
While it is true that appellant contests Officer Leist's testimony, appellant's testimony to some extent supports that of Officer Leist. Appellant admitted that Officer Leist never ordered him to empty his pockets. Rather, Officer Leist only asked if appellant minded doing so. Appellant also testified that at no time was Officer Leist threatening or belligerent. In fact, Officer Leist was lenient with respect to the open container violation. Appellant did not present any evidence that Officer Leist, through his words or actions, prevented appellant from refusing consent.
Although appellant presented testimony which contradicted that presented by the state, there was before the trial court competent, credible evidence that appellant voluntarily consented to the search of his personal effects.Retherford, 93 Ohio App.3d at 593. The trial court has the discretion to make credibility determinations and may refuse to believe the testimony of one witness while believing that of another witness. Mills, 62 Ohio St.3d at 366. We cannot say that the trial court erred in overruling appellant's motion to suppress evidence.
Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] Section 14 of the Ohio State Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and possession, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.
[2] R.C. 4301.62, provides that:
 (B) No person shall have in the person's possession an opened container of beer or intoxicating liquor in any of the following circumstances:
* * *
 (4) Except as provided in division (D) [exempting chauffeured limousines], while operating or being a passenger in or on a motor vehicle on any street, highway, or other public or private property open to the public for purposes of vehicular travel or parking.